# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WIDENER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00053 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BRISTOL, VIRGINIA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Charles H. Nave, Roanoke, Virginia, for Plaintiff; W. Bradford Stallard, Penn Stuart & Eskridge, Abingdon, Virginia, for Defendant City of Bristol, Virginia, and Mary F. Russell, Hale Lyle & Russell, Bristol, Tennessee, for Defendant Bristol Virginia Sheriff's Office*

This action under 42 U.S.C.A. § 1983 (West 2012) arises out of the sexual assault of the plaintiff by his cellmate while the plaintiff was incarcerated at the Bristol, Virginia, City Jail. The plaintiff has sued the City of Bristol, Virginia ("City") and the Bristol Virginia Sheriff's Office ("BVSO"), alleging that they deliberately disregarded the danger that the plaintiff's cellmate posed. The issue is whether the City and the BVSO are proper parties to the suit. Both have filed motions to dismiss on this ground. For the following reasons, I will grant these defendants' motions to dismiss.

I

This action was first initiated by the plaintiff, Christopher Widener, on June 21, 2013, against the City and "an unknown number of John Does." The City responded with a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that it was not a proper party defendant. The plaintiff opposed the Motion to Dismiss but also filed an Amended Complaint, adding the BVSO as a defendant. The City filed a Second Motion to Dismiss and the BVSO also moved to dismiss under Rule 12(b)(6), contending that it was not a legal entity susceptible to suit. The motions to dismiss have been fully briefed and are ripe for decision.[1]

In considering the defendants' motions to dismiss, I must accept as fact the following allegations made by the plaintiff.

While the plaintiff was an inmate at the Bristol City Jail, he was assigned to the same cell as another inmate, Oadis William White. The plaintiff alleges that officers knew White was dangerous to other inmates because they had at least partial knowledge that White had committed murder, armed robbery, and three previous rapes — two against cellmates. During the night of October 13, 2011,

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

White raped the plaintiff.  The plaintiff cried for help and was heard by other inmates, but no officer responded.  The plaintiff received no immediate medical treatment, and filed a grievance on October 16, 2011.  He was checked for sexually transmitted diseases, but was not informed of the results of the test.  No other medical treatment was provided.  The plaintiff was temporarily released from the Bristol City Jail on bond on October 25, 2011.  When he returned several months later, he was taunted, threatened, and intimidated about the rape.  His cellmate, White, was later convicted of the forcible sodomy of the plaintiff.

The plaintiff's Amended Complaint asserts that the defendants failed to enact a policy, custom, or practice to prevent inmates such as the plaintiff from being harmed by dangerous inmates like White and failing to provide adequate training or supervision of employees to prevent such harm.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a cognizable claim.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).  In order to survive a motion to dismiss, the plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense."  *Ashcroft v. Iqbal,* 556

U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the pleader. *Id.* at 678.

The plaintiff has sued the City, but the City is not liable for policies at the Bristol City Jail. A municipality is liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). "[T]he identification of policymaking officials is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Under Virginia law, the sheriff is the responsible policymaking official for city and county jails. Va. Code Ann. § 15.2-1609 (2012) (charging sheriffs with the operation of city and county jails). Virginia sheriffs are constitutional officers who act independently from the counties and municipalities that they serve. Va. Const. art. VII, § 4; *Doud v. Commonwealth*, 717 S.E.2d 124, 126 (Va. 2011) (citing *Carraway v. Hill*, 574 S.E.2d 274, 276 (Va. 2003)) ("While constitutional officers may perform certain functions in conjunction with units of county or municipal government, neither the officers nor their offices are agencies of such governmental units."). Because the Sheriff of the City of Bristol is an independent constitutional officer, his policies cannot be attributed to the City. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir.

1999) ("As the county has no control over policy within the jail, it bears no concomitant responsibility."); *Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993) ("The City of Portsmouth is not liable under section 1983 for the actions of its Sheriff in the administration of its jail, because under the law of Virginia those actions do not embody an official policy of the City of Portsmouth."). The fact that the City provides funding to the jail does not impact this delegation of authority. *Id.* (finding that the City of Portsmouth was not liable for the actions of its sheriff regardless of its financial contributions to the Portsmouth City Jail). The City has no control over the policies of its sheriff, and accordingly I will grant its motions to dismiss.

The plaintiff has also named the BVSO as a defendant, but the BVSO is not a legal entity subject to suit. The capacity to sue or be sued is a matter determined by state law. Fed. R. Civ. P. 17(b)(3). Before an operating division of a Virginia governmental entity can be sued, the legislature must vest it with the capacity to be sued. *Graves v. Austin*, No. 4:12-cv-21, 2012 WL 6019099, at *3 (W.D. Va. Dec. 3, 2012) (citing *Muniz v. Fairfax Cnty. Police Dep't*, No. 1:05CV446(JCC), 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005)). The Code of Virginia does not provide that a sheriff's office is a separate legal entity that can be sued. *Trantham v. Henry Cnty. Sheriff's Office*, No. 4:10CV00058, 2011 WL 863498, at *5 (W.D. Va. Mar. 10, 2011) ("Local police and sheriff's departments in Virginia are 'non

suis juris,' meaning they simply do not have the capacity to be sued."), *aff'd*, 435 F. App'x 230 (4th Cir. 2011) (unpublished). Because the BVSO does not have the capacity to be sued, it must be dismissed.

A suit concerning the policies and practices of the Bristol City Jail is appropriately directed at the Sheriff of the City of Bristol rather than the BVSO. In the interest of justice, I will dismiss defendant BVSO with leave granted to the plaintiff file a second amended complaint.[2]

---

[2] It now has been more than two years since the assault that is the subject of the lawsuit. A claim under § 1983 does not have its own statute of limitations and borrows from the state's general or residual personal injury statute. *Owens v. Okure,* 488 U.S. 235, 251 (1989). Virginia has a two-year period of limitations for such claims. Va. Code Ann. § 8.01-243(A) (Supp. 2013). Under Rule 15(c)(1)(C), when a new party is brought in by amendment, the amendment relates back to the date of the original complaint if (1) the claim arises out of the same conduct, transaction, or occurrence set forth in the original complaint; (2) within the time for service of the original complaint, the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The reference to mistake "describes the type of notice or understanding that the new party had." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470 (4th Cir. 2007) (emphasis omitted). Relation back is thus appropriate when the new party receives fair notice of a claim within the statute of limitations and will not suffer improper prejudice in defending the claim. *Id.* at 471; *see Justus v. Cnty. of Buchanan*, 498 F. Supp. 2d 883, 886 (W.D. Va. 2007) (holding that where a plaintiff mistakenly sued a sheriff's office rather than the sheriff himself, the sheriff should have known he was a proper party to the lawsuit and the relation-back rule applied).

## IV

For the reasons stated, it is **ORDERED** as follows:

1. City of Bristol, Virginia's Motion to Dismiss (ECF No. 4) and Second Motion to Dismiss (ECF No. 10) are GRANTED;

2. City of Bristol, Virginia is DISMISSED as a party;

3. Bristol Virginia Sheriff's Office's Motion to Dismiss (ECF No. 13) is GRANTED with leave granted to the plaintiff to amend to add a new party defendant, provided that a second amended complaint must be filed no later than 14 days after the date of entry of this Opinion and Order; and

4. Bristol Virginia Sheriff's Office is DISMISSED as a party.

ENTER: November 12, 2013

/s/ James P. Jones
United States District Judge