# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **CHRISTOPHER WIDENER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00053 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BRISTOL, VIRGINIA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Charles H. Nave, Roanoke, Virginia, for Plaintiff; Mary F. Russell, Hale Lyle & Russell, Bristol, Tennessee, for Defendant Sheriff Jack Weisenburger.*

This action under 42 U.S.C.A. § 1983 (West 2012) arises out of the sexual assault of the plaintiff by his cellmate while the plaintiff was incarcerated at the Bristol, Virginia, City Jail. With the court's permission, the plaintiff has filed a Second Amended Complaint, naming as defendants the Sheriff of Bristol, Virginia and an "unknown number of John Does." (Second Am. Compl. 1.) Sheriff Jack Weisenburger (the "Sheriff") has moved to dismiss, and the plaintiff has responded to the motion and has also requested leave to file a Third Amended Complaint.

In the Second Amended Complaint, the plaintiff asserted that the Sheriff was being sued in his official capacity. The Sheriff moves to dismiss on the ground that he is immune from suit in his official capacity. The plaintiff now advises that this characterization of capacity was "a mistake" and seeks leave to file an

amended complaint suing the Sheriff in his individual capacity.  The Sheriff will suffer no legal prejudice from that amendment and the motion will be granted.  *See* Fed. R. Civ. P. 15(a)(2).  Conditioned upon that amendment, the Motion to Dismiss will be denied on this ground.

The Sheriff also moves to dismiss any action against the John Does on the ground that the applicable statute of limitations has run.  However, the actual identification of such parties has not occurred and the court cannot determine at this point whether the action is barred against such persons.  *See Widener v. City of Bristol, Va.,* No. 1:13CV00053, 2013 WL 6001121, at *3 n.2 (W.D. Va. Nov. 12, 2013) (discussing relation-back rule as to application of statute of limitations).  The Motion to Dismiss will be denied as to this ground.

Finally, the Sheriff moves to dismiss on the ground that the plaintiff failed to exhaust the Bristol jail's administrative remedies prior to filing his action, as required by the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e) (West 2012) ("PLRA").  The Sheriff also alternatively moves for summary judgment on this ground and has filed affidavits of employees of the Sheriff certifying that no grievance has been filed by the plaintiff pursuant to the jail's procedures.

The PLRA requires the exhaustion of all administrative remedies before a prisoner may file an action challenging prison conditions under federal law. *Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006); *Moore v. Bennette*, 517 F.3d 717,

725 (4th Cir. 2008).  The statute's exhaustion requirement is mandatory and applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Woodford*, the Supreme Court held that exhaustion of administrative remedies requires a prisoner to adhere to "critical procedural rules" for grievances so officials may properly respond to the prisoner's complaints.  548 U.S. at 90.  A prisoner cannot exhaust administrative remedies by failing to adhere to deadlines or required procedural steps so that "remedies that once were available to him no longer are." *Moore*, 517 F.3d at 725.

A court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner "through no fault of his own, was prevented from availing himself of" the remedy.  *Id*. at 725.  This includes instances when prison officials interfere with a prisoner's ability to properly use or follow the administrative process.  *Bacon v. Greene*, 319 F. App'x 256, 257-58 (4th Cir. 2009) (unpublished) Although a prisoner has the burden of properly following prison grievance procedures, the Supreme Court has held that under the PLRA, an inmate's failure to exhaust administrative remedies is an affirmative defense that must be pled or raised by the defendant.  *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because of this, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*.


Instead, the <u>defendant</u> must show that the inmate failed to exhaust administrative remedies.  *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005).

Because the failure to exhaust is an affirmative defense, I will deny the Motion to Dismiss on this ground.  However, I will alternately treat the motion as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and permit the plaintiff to respond.  *See id.*

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Dismiss (ECF No. 23) is DENIED;

2. The Motion for Leave of Court to Amend Complaint (ECF No. 25) is GRANTED and the plaintiff is granted leave to file a Third Amended Complaint as requested, provided it is filed within 14 days of the date of this Order;

3. The Motion to Dismiss is treated as a Motion for Summary Judgment under Rule 56 and the plaintiff must file a response thereto within 14 days of the date of this Order.  The Sheriff may file a reply within 7 days of service of the response.[1]

ENTER:  January 13, 2014

/s/  James P. Jones
United States District Judge

---

[1] Upon the plaintiff's motion, supported by affidavit or declaration, I will consider allowing discovery on the exhaustion issue and delay further consideration of the Motion for Summary Judgment until discovery has been completed.  *See* Fed. R. Civ. P. 56(d).